LEKAS AND DRIVAS, Appellant, *v.* ALBERT SCHWILL & COMPANY, Respondent.

First Department, May 2, 1919.

Pleadings — motion by defendant for judgment on the pleadings — — practice — sale — contract for sale of goods construed — right of purchaser to waive provisions as to place of delivery — action by purchaser against seller for failure to deliver — sufficiency of complaint — matters of defense.

Upon a motion by the defendant for judgment on the pleadings consisting of the complaint and an answer thereto the complaint must be tested as upon a demurrer for insufficiency and it must appear upon the face

thereof that it does not state facts sufficient to constitute a cause of action.

Where a contract for the sale of goods provided that delivery was to be made f. o. b. cars New York, lighterage free, and that the purchaser was to furnish export license and steamer permits for same in time to enable seller to make shipments from Chicago it was competent for the purchaser to waive the provisions as to delivery at New York and to offer to accept delivery at Chicago.

Upon the waiver of the aforesaid provision by the purchaser the requirement that export license and steamer permits should be furnished in time to enable the seller to make shipments from Chicago had no further potency.

If the property was not at Chicago but at other points where it would be more advantageous to the seller to make deliveries, or if a lower price was quoted with the understanding that the property was to be exported and not resold in this country, such matters should be pleaded as a defense in an action by the purchaser against the seller for failure to deliver.

In an action by a purchaser of goods against the seller for failure to deliver, complaint *held* to state facts sufficient to constitute a cause of action.

APPEAL by the plaintiff, Lekas and Drivas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of January, 1919, granting defendant's motion for judgment on the pleadings, consisting of the complaint and an answer thereto, and also from the judgment entered in said clerk's office on the 14th day of January, 1919, dismissing the complaint pursuant to said order.

*Oscar Wagner*, for the appellant.

*I. Maurice Wormser* of counsel [*Harry N. Wessel* with him on the brief; *Gilbert & Wessel*, attorneys], for the respondent.

PAGE, J.:

The complaint alleges that the defendant promised and agreed in writing duly signed by it to sell and deliver to plaintiff in consideration of plaintiff's promise to purchase from defendant as follows:

" One hundred fifty (150) tons of our new Standard No. 1 Malt, packed in single burlap bags, two paraffin linings, as heretofore, at one dollar and fifty-four (1.54) cents per bushel, f. o. b. cars New York, lighterage free, net cash against presentation of railroad bill of lading. It is understood that you are to

furnish us export license and steamer permits for same in time to enable us to make shipments from Chicago, this malt to be ordered out by you under these conditions between now and March 1st, 1918."

That thereafter the time for shipment was extended by defendant to March 25, 1918; that prior to March 25, 1918, plaintiff notified the defendant that plaintiff waived the stipulation in said agreement whereby defendant agreed to deliver the malt f. o. b. New York, lighterage free, and would accept delivery of same at defendant's warehouse in Chicago, Ill., and tendered the full purchase price and alleges its damage.

The complaint must be tested upon this motion as upon a demurrer for insufficiency, and it must appear upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. Thus read, it is a fair intendment of the contract that shipment was to be made from Chicago, Ill., and the provision that delivery was to be made f. o. b. cars New York, lighterage free, was to the advantage of the purchaser. By reason thereof the expense of freight and lighterage charges and the risks of transportation were to be borne by the seller. Therefore, when the plaintiff agreed to waive those provisions of the contract, it waived provisions for its benefit. The contract was not changed so that the defendant was required to do something different, but something less than was required of it by the contract. It was competent for the plaintiff to waive these provisions and offer to accept delivery at Chicago. (*Bradley* v. *McDonald,* 218 N. Y. 351, 391.)

The only purpose of requiring export license and steamer permits had to do with transportation of the malt, and when the plaintiff waived the delivery in New York and assumed the burdens of transportation, the requirement that these should be furnished in time to enable the defendant to make shipments from Chicago had no further potency.

The learned justice at Special Term suggested that it might be that the malt was not at Chicago but at other points where it would be more advantageous to the defendant to make deliveries, or it might be that a lower price was quoted with the understanding that these goods were to be exported and not resold in this country. But if such was the fact,

those matters should be pleaded as a defense.   They certainly do not appear upon the face of the complaint under the rule that all fair and reasonable intendments are to be resolved in favor of the pleader.

The judgment and order should be reversed, with costs to the appellant and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.